■ In the Matter of JOSEPH FUSCO, Petitioner, v LEE P. BROWN, as Police Commissioner of the City of New York, et al., Respondents.—Determination of the respondent Police Commissioner, dated October 25, 1990, which imposed a forfeiture of 15 vacation days, is unanimously confirmed, the petition denied and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County, Shirley Fingerhood, J., entered May 15, 1991), is dismissed, without costs.

Substantial evidence supports the determination that, as to specification one, petitioner was absent from his post without authorization or proper police necessity, on December 19, 1988, from 6:00 P.M. to 7:45 P.M. in that he and another officer went to the home of the latter's girlfriend; as to specification two, petitioner admitted that he was absent from his post, on December 19, 1988, at about 9:10 P.M., when, without authorization, he took another officer to a repair shop located off the post; and, as to specification three, petitioner falsified Department records, namely, a witness injury report and an aided card concerning the location where another officer had been injured, for purposes of a line-of-duty determination. We find no reason to disturb either the credibility findings of the Hearing Officer *(Matter of Berenhaus v Ward,* 70 NY2d 436, 443-444), or the penalty *(Matter of Pell v Board of Educ.,* 34

NY2d 222, 233). Concur—Murphy, P. J., Milonas, Rosenberger, Kassal and Rubin, JJ.